UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID MARTIN and LUISA MARTIN,

Plaintiffs,

v.

HUDSON FARM CLUB, INC., et al.,

Defendants.

Civil Action No. 18-2511 (SRC)

OPINION & ORDER

**CHESLER**, District Judge

This personal injury action arises out an accident involving a tractor and attached wagon on which Plaintiff David Martin ("Martin") was a passenger. Presently before the Court is Plaintiffs' motion to strike certain affirmative defenses asserted by Defendants in their Answers to Plaintiffs' Second Amended Complaint. Defendants have opposed the motion. The Court has considered the papers filed by the parties and opted to decide the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

The accident at issue occurred on September 19, 2017 on the property of Defendants Hudson Farm Club, Inc. and Griffin & Howe, Inc. On that date, a tractor, operated by Defendant Lukas Sparling, was attached to a wagon used to transport people on the property. Plaintiff Martin was a passenger in the subject wagon when it "began to ascend a steeply inclined road . . . came to a stop and then began to descend the path, reversing its course, backwards down the

path, rapidly gaining momentum." (Second Am. Compl., ¶ 89.) According to the Second Amended Complaint, the tractor and wagon were out of control and heading toward parked vehicles. Plaintiffs allege that, to avoid the imminent crash, Martin "jumped off the wagon to save himself from serious injury . . .." (Id., ¶ 95.) They further allege that Martin did nothing to contribute to the accident; rather, they aver that the tractor's malfunction and wagon's downhill roll on a steep incline were caused by a number of negligent acts by Defendants, including, among others, overloading the wagon with too many passengers, deciding to use a tractor with insufficient power to pull the wagon, and operating the tractor in a careless manner.

Martin and his wife, Luisa Martin, filed this lawsuit in federal court on February 22, 2018, alleging that the accident and Martin's injuries were the result of Defendants' negligence. On January 30, 2019, Plaintiffs filed their Second Amended Complaint, which pleads only two claims for relief: negligence and loss of consortium. Thereafter, an Answer was filed by Defendants Hudson Farm Club and Sparling, and a separate Answer was filed by Defendant Griffin & Howe. Both Answers assert various affirmative defenses. By Order entered May 19, 2019, Magistrate Judge Waldor granted Plaintiffs leave to file a motion to strike "the Defense of Culpable Conduct" specifying, however that it was "not a Summary Judgment motion." (ECF 43).

II.  **DISCUSSION**

Plaintiffs move to strike the following affirmative defenses asserted by Defendants Hudson Farm Club and Sparling:

Second Separate Defense: sole negligence of plaintiff

Third Separate Defense: contributory negligence

> Sixth Separate Defense: comparative negligence as to the computation of damages
>
> Ninth Separate Defense: failure to exercise due care and avoid the incident
>
> Eleventh Separate Defense: assumption of risk

They also move to strike the following affirmative defenses asserted by Griffin & Howe:

> First Separate Defense: contributory negligence
>
> Second Separate Defense: comparative negligence
>
> Fifth Separate Defense: injuries or damages resulted from plaintiff's own deliberate acts
>
> Seventh Separate Defense: claims barred by N.J.S.A. 2A:53A-6, et seq.

Plaintiffs argue that Defendants cannot avoid liability by alleging that Martin's injuries resulted from his own "culpable conduct," i.e., his decision to leap from the moving vehicle, because (1) Martin's conduct played no part whatsoever in causing the accident and (2) Martin's conduct occurred *after* the negligent conduct of Defendants had already caused the tractor and wagon to roll down a steep hill. Therefore, they maintain, Defendants cannot rely as a matter of law on the affirmative defenses which relate to Martin's allegedly culpable conduct.

Motions to strike affirmative defenses are governed by Federal Rule of Civil Procedure 12(f). The rule provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In doing so, the Court may act on its own or "on motion made by a party either before responding to the pleading or . . . within 21 days after being served with the pleading." Id. An affirmative defense is legally insufficient if "it is not recognized as a defense to the cause of action." Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 2003). "An affirmative defense can be stricken only if

the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." Eagle View Techs., Inc. v. Xactware Sols., Inc., 325 F.R.D. 90, 95 (D.N.J. 2018) (quotations omitted).

While the decision to strike a defense is left to the Court's discretion, Rule 12(f) motions are not favored. Id.; see also Eagle View Techs., 325 F.R.D. at 95 (holding that motions are "highly disfavored"). They should generally be denied "unless the allegations [or defenses] have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations [or defenses] confuse the issues." Tonka Corp., 836 F. Supp. at 217. Indeed, the Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986). In this regard, it is well-established that a motion under Rule 12(f) must be decided on the basis of the pleadings alone. Eagle View Techs., 325 F.RD. at 95; Tonka Corp., 836 F. Supp. at 218. Litigants may not use Rule 12(f) motions to challenge the sufficiency of a defense based on the factual record or to determine disputed questions of law. Tonka Corp., 836 F. Supp. at 218.

In light of this standard, Plaintiffs' motion to strike affirmative defenses will be denied. Plaintiffs have failed to demonstrate that the insufficiency of the challenged affirmative defenses is clearly apparent from the pleadings. Instead, the entire motion is predicated on facts developed through discovery, including the deposition testimony of over a dozen witnesses. Plaintiffs have argued that contributory negligence and the other affirmative defenses are not available to Defendants based on the timeline of the events at issue, the safety of the tractor involved in the accident, its alleged inadequacy to pull the wagon, the driver's lack of due care and other such

4

questions of fact. Indeed, both Plaintiffs and Defendants have briefed this motion to strike as if it were a summary judgment motion, arguing about the viability and merits of the affirmative defenses based on the evidence of record. This is not the purpose of a motion to strike under Rule 12(f). The Court, in its discretion, finds that Plaintiffs have failed to demonstrate that the affirmative defenses concerning Martin's allegedly "culpable conduct" have no relation to the controversy, as set forth in the pleadings, or would cause prejudice and confusion.

### III. ORDER

Accordingly, for the reasons set forth above,

**IT IS** on this 9th day of August, 2019,

**ORDERED** that Plaintiffs' motion to strike affirmative defenses [ECF 44] be and hereby is **DENIED**.

>    s/ Stanley R. Chesler  
> STANLEY R. CHESLER  
> United States District Judge